ELECTRONICALLY FILED
Lonoke County Circuit Court
Deborah Oglesby, Circuit Clerk
2017-Jan-26 17:44:19
43CV-17-57
C23D03 : 5 Pages

IN THE CIRCUIT COURT OF LONOKE COUNTY, ARKANSAS
_____ DIVISION

| | |
|---|---|
| **JACKIE PRIDE** | **PLAINTIFF** |
| vs. | CASE NO. _____ |
| **G & J WALKER TRUCKING INC AND** <br> **RICHARD W. HIX** | **DEFENDANTS** |

## COMPLAINT

Comes now the Plaintiff, Jackie Pride, by and through her attorneys, Taylor & Taylor Law Firm, P.A., and for her Complaint does state:

### JURISDICTION AND VENUE

1. Plaintiff, Jackie Pride, is a resident of Memphis, Tennessee, and a citizen of the State of Tennessee.

2. Upon information and belief, G & J Walker Trucking Inc ("G & J"), is a limited liability company with a principal place of business of Cayuga, Indiana.

3. Defendant, Richard Hix, is an adult resident of Illinois.

4. The facts and circumstances giving rise to this Complaint occurred in Lonoke County, Arkansas.

5. This Court has subject matter jurisdiction of this matter pursuant to Ark. Code Ann. § 16-13-201(a).

6. This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. § 16-4-101(B).

**EXHIBIT A**

7.   Lonoke County is the correct venue for this matter pursuant to Ark. Code Ann. § 16-60-101(a)(1).

### FACTS AND ALLEGATIONS

8.   Defendant G & J owns and/or operates a truck line based in Cayuga, Indiana.

9.   Defendant, Richard Hix, upon information and belief, is an employee of G & J as a driver of its trucks.

10.   On or about January 26, 2015, Plaintiff was the passenger in a vehicle owned and being driven by Theresa D. Burke eastbound on I-40 in the left or "inside" lane of traffic.

11.   At the same place, date, and time, the Defendant, Hix, was operating a Peterbilt tractor/trailer rig owned by Defendants, G & J, in the right "outside" lane of I-40.

12.   As Defendant, Hix, approached a slower vehicle in front of him in the right lane, he attempted to switch lanes into the left lane.

13.   Defendant, Hix, failed to see the Burke vehicle next to him in which the Plaintiff was a passenger and merged into the left lane causing his trailer to strike the right front of the Burke vehicle.

14.   The collision caused the Burke vehicle to spin out of control and strike the cable barrier system to the left of the roadway.

15.   As a result of the collision, Plaintiff was immediately hurt.

### CAUSE OF ACTION #1 – TORT OF NEGLIGENCE
### (Against Defendant Hix)

16.   The Defendant was negligent in causing the above stated collision due to his failure to keep a proper lookout, failure to yield, failure to devote full time and attention to the roadway, and his utter disregard of the safety of others by merging left and colliding with the vehicle in which the Plaintiff was a passenger.

17. Defendant Hix owed the Plaintiff a duty to use ordinary care in the operation of his tractor/trailer rig.

18. Defendant Hix violated his duty to use ordinary care in the operation of his tractor trailer observing the duties enumerated in paragraph 16 above.

19. Plaintiff has sustained damages.

20. Defendant Hix's negligence was a proximate cause of Plaintiff's damages.

### CAUSE OF ACTION #2 – RESPONDENT SUPERIOR
### (AGAINST DEFENDANT G & J)

21. At the time of the occurrence relating to Cause of Action #1 against Defendant Hix, Defendant Hix was acting within the scope of his employment or agency as an employee or agent of Defendant, G & J.

22. Therefore, the negligent conduct on the part of Defendant Hix should be charged to Defendant G & J with respect to Plaintiff's claims for all causes of action.

### DAMAGES

*Compensatory Damages*

23. The injuries and damages sustained by Plaintiff as a result of Defendants' breach of the above duties include, but are not limited to, the following:

    a. Serious bodily injuries to Plaintiff's left knee, neck/shoulder, lower back, and right hip;

    b. Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

    c. Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

    d. Physical pain and suffering experienced in the past;

  e.  Physical pain and suffering to be experienced in the future;

  f.  Loss of income in the past;

  g.  Loss of income in the future;

  h.  Loss of earning capacity due to permanent physical impairment from the injuries caused by the events described above;

  i.  Mental anguish experienced in the past;

  j.  Mental anguish to be experienced in the future;

  k.  Any scars, disfigurement, and visible results of Plaintiff's injuries due to "residual limitation of motion." *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

  l.  The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

  m.  Permanent bodily injuries.

*Amount in Controversy (for Jurisdictional Purposes under Ark. Code Ann. § 16-63-221)*

24. Plaintiff's injuries and damages listed above are in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiff should be awarded a judgment as against Defendants jointly and severally in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered.

**DEMAND FOR TRIAL BY JURY**

25. Plaintiff demands a trial by jury for all issues of fact presented by this action.

### RESERVATION OF ADDITIONAL CLAIMS

26. Upon completion of discovery, Plaintiff reserves the right to plead further to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against the Defendants G & J and Richard W. Hix for the damages caused by their negligence as described above, for costs and attorneys' fees, and for all other relief at law or equity to which she is entitled.

        Respectfully submitted,
        JACKIE PRIDE, Plaintiff

BY:   /s/ Andy Taylor
        TAYLOR & TAYLOR LAW FIRM, P.A.
        Andrew M. Taylor, Ark. Bar No. 2005147
        Tasha C. Taylor, Ark. Bar No. 2005148
        124 W. Capitol Avenue, Ste. 1500
        P.O. Box 629
        Little Rock, Arkansas 72203-0629
        Phone:  501-246-8004
        Fax:      501-246-8009
        Email:   Andy@TaylorLawFirm.com
        *Attorneys for the Plaintiff*